And we'll call our second case of this morning, Flores v. Atty. Gen. No. 16-1979, Ms. Kasdan and Mr. Insegna. Am I pronouncing that correctly? I'll take this up here. Whenever you're ready. Good morning, Your Honors. Good morning, Your Honors. Good morning, Counselor. Good morning. Your Honors, it's just like what our parents told us when we were growing up. It's what you didn't do. And Patricia Flores was convicted of accessory after the fact because of what she didn't do. Her ex-boyfriend shot and killed her boyfriend in front of her, as the local papers opined, and it's in the record. If he couldn't have her, nobody could. And she did no overlap to hide or help him. She fled by building to accessory after the fact? Yes, Your Honor. And so the question then becomes, is that related to something that might be an aggregated felony that would make her ineligible for withholding of removal? Yes, Your Honor, that is so. And if you look at the list that you instructed us to look at, which is Chapter 73, Abstraction of Justice, and speak to that list, Section 1501, Assault on a Process Server, Section 1502, Resistance to Extradition Agent, all of these items, and it's a long list, it's huge. There is nothing that says accessory after the fact, nothing related to accessory after the fact. No, Your Honor, it is not. It is specifically not because it does not show specific intent. And very interestingly, my adversary brought up two cases to Your Honor, Legette, which was a case about two stolen lawnmowers, and in it it specifically found that the person wasn't guilty of accessory after the fact. But more importantly, in Nicholson, the second case brought up, it specifically says to render an accessory after the fact, the aid and assistance must have been rendered with the intention for the purpose of enabling the felon to escape detection, arrest, et cetera. And I say to Your Honor's point and question that not telling the police is qualitatively different from an affirmative action to hinder another. She purposefully slowed down, I suppose, the administration of justice. She purposefully refused to identify a person who shot and killed somebody else. Why isn't that an obstruction of justice? Your Honor, it's respectfully not an obstruction of justice because she, in fact, didn't hold up anything. He was arrested two days later, many, many miles away from her. What is your authority for us to even look at the facts of what led to the conviction? I understood the prism through which we're to look at this is the crime of conviction and whether the elements are related to obstruction of justice, not factually what she did. Your Honor, she did nothing. She didn't do anything because of whatever reason that we're not allowed to look at. But I think we can look at the record and see that the South Carolina statute and the laws, including Nicholson, speak to having a specific intent to hinder or obstruct, to do some overt act. And in Dennis, there were overt acts. And in none of these – Well, Dennis was tampering with the evidence. But here you've got – I mean, the question is – I'm sorry, Your Honor, I couldn't hear that. Dennis was tampering with the evidence, and it was found that that could be obstruction of justice, clearly. But here, the question is, you've got two provisions that conceivably could apply, Section 1503 and Section, I guess, 1512c2 or something like that. And they both talk about judicial proceedings. And the question then becomes, did accessory after the fact, that is, helping someone to escape detection, did that – is that related to a judicial proceeding or intent to influence a judicial proceeding? And what's your response to that? The intent to influence is lacking, Your Honor. We have a situation where the police came and she said nothing. If she had done any overt act of any kind, if there was any desire that could be expressed by an act, that she was participating in any way, I would then agree with Your Honor 100 percent. But the fact of the matter is that she didn't do. And in Nicholson and other cases, including Espinoza, that I brought up in this prison of a felony, an overt act, some specific intent, some intention, must be manifested in order to demonstrate this – that we are looking for. How do we get around our case in Dennis, which dealt with the tampering with evidence, and the court there said we do not need to focus on intent. It's not the dispositive decision, the obstruction of justice area. How do we get around that language? We get around that language, Your Honor, because it says we don't have to focus. But it doesn't say we may not. I think, Your Honor, that Rocky Road ice cream may be related to vanilla pudding, but it doesn't mean that it is. We can. We can do many, many things. She did nothing. We can do something. But the bottom line is that we are not held to deciding that because she did nothing that she has committed an act. It is no act. She did nothing. If Congress had wished, they could have specifically stated, they could have enumerated what they wished to be in this long laundry list of items. And interestingly enough, in that long laundry list of items, in Chapter 73, each and every one of those things involve an action, not an inaction by a terrified woman. Not an inaction. And I think that we are not bound to look at the facts that surround this conviction. But I think that we are bound to look at the facts of life of this woman and who she was when she came to this situation. I think we're, look, this is not a strict categorical approach. But it's also not something where you can look to a whole lot of other things. Yes, Your Honor. If it's related to, and you really are stuck with looking at the particular statutes that might apply, then how do you distinguish or how do you say that 1503 and 1512c2 are not related to accessory after the fact under the South Carolina statute? Because I believe, Your Honor, that the South Carolina statute requires that intent and purpose that is lacking in this situation. To do what? To effect a judicial proceeding? To effect in any way, Your Honor, either a judicial proceeding or to assist this individual in any way. She did nothing, Your Honor. She was not able to do anything. She did nothing.  Well, her intent, of course, was not to relay information about a homicide to law enforcement authorities. Isn't that so? Your Honor, I believe that under the facts and circumstances of the case, Your Honors are in the best position to judge her because the facts are before you. And I believe, Your Honors, that if you look over the situation and look over the list, I believe that we could say that anything is relating to, if we stretch it enough, but if we look closely, we will see that this woman, by not saying anything to the police, by not helping them, if she could even help them, did not act with the purpose of assisting this person who murdered her new boyfriend. Thank you very much. We'll get you back on rebuttal. Thank you. I believe, Your Honors... We'll get you back on rebuttal then. Thank you. Let's hear it from the other side, and then you can come back if you need extra time to give it to you. Thank you, Your Honor. Good morning, Your Honors. Good morning. May it please the Court, Andrew, and St. John, on behalf of the Attorney General. When the petitioner was convicted under South Carolina law of accessory after the fact, she was found to have acted with the purpose of aiming a known felon escape detection or arrest under the analytical framework that we must apply in Dennis. Such a conviction has a logical or causal relationship to interfering with other administration... I can understand logical, that's the word, but also they use the words causal. What in the heck does that mean here? Well, Your Honor... I mean, usually causal is A leads to B. Well, this is, of course, the Court's own decision. This is not the Attorney General's decision. In some cases, I just work here. That's what we say in the Department of Justice as well. I would suspect that that was borrowed from a dictionary definition that was brought in from the Bob case. So that was the dictionary definition that they used. But I think this case does actually sort of illustrate the problem here. Your Honor has repeatedly spoken about interfering with a judicial proceeding. Dennis explicitly rejected that we only look for a judicial proceeding. And this is in part because... But that's also dealt with in New York statute, tampering with the evidence. And that did relate to a judicial proceeding. No, it did not, Your Honor. Note 15 explicitly said that New York law does not require a judicial proceeding. And the Court said... So what does it require? Only a police investigation. So when you look at a causal relationship, what do we have? When you hide something... Can I just... so you can clarify something for me. Sure. Tampering with the evidence seems to suggest to me that there is something, a proceeding going on. The evidence is related to that proceeding. They're just about to occur. And you say that it wasn't. So I... maybe you clarify. If I understood Judge Ambrose's question correctly... I didn't use comment. There was a proceeding going on and tampering with the evidence related to that proceeding. No, in fact, there was no proceeding going on at all. And that is factually more legal. The New York State Courts have interpreted that statute, the statute of conviction, that there had to be only a possible police investigation going on. And the... this Court, in Note 5, 5th foot, Note 15, explicitly rejected that anything judicial or any particular proceeding has to be ongoing. Now, part of the difficulty is Petitioner repeatedly wants to avoid the Dennis analysis. And often is bringing... importing aspects of the Attorney General's decisions. But, with all due respect to the Attorney General's decisions, this Court explicitly rejected it. Not under the Attorney General's decisions. So we're in a unique position here where this is a plain and unambiguous statute. The plain intent of Congress is before the Court. And so, from your point of view, do we need... and I assume the statute you're talking about is the plain statute, is the definition of aggravated felon, including offenses that relate to obstruction of justice. Is it your position that we are allowed to look not just at obstruction of justice as set forth in Title 18, Section 1501, etc., but that we can look to other conduct that would constitute obstructive behavior like accessory after the fact under Section 3? Yes, Your Honor. The Dennis Court explicitly rejected two sort of narrowing aspects that could potentially apply. And one of them was that obstruction of justice was not defined by Congress by reference to Chapter 73. It could have. Congress would be... Congress fleetingly defines terms by reference to statutes. Monopoly, firearms. But it doesn't often. This Court indestructibly recognized, for example, sexual abuse of a minor. It's not defined by reference to anything. Obstruction of justice is not defined by reference to anything. What this Court explicitly said is obstruction of justice is descriptive in nature and must be looked at expansively. So we are not bound to only look at Chapter 73. What's the standard, though? What types of offenses would amount to obstruction of justice? Now here it's failure to report an offense. Well, that sort of raises another difficulty. You're not helping someone to evade detection for arrest. I mean, is it? Yeah. I'm sorry. Is there a standard? Is there a standard for... What constitutes a failure to report? Well, I think part of the difficulty is that Patricia has somewhat confused the issue by raising her own factual allegations. You're going to unconfuse it, so... We can't look at them. Period. We are in a categorical approach. Time and time again. Discounts. No, a categorical approach. That's removed. It's a unique categorical approach, but what Dennis has said very explicitly, we are in a categorical approach, and we are precluded from looking at the facts. Precluded. And you mentioned footnote 15. Is footnote 15 a holding of Dennis? Well, certainly part of it, yes. It's obviously part of the reason. It's part of the reasoning. It's part of the reasoning, but to suggest that this court provided reasoning explicitly rejecting a limitation... It is a holding of Dennis. Yes. Footnote 15 is a holding of Dennis. Of course, Your Honor. It's explicitly found... Since when? Your Honor... It's the reasoning where it says, it's noted whilst the New York statute has been interpreted by its courts, tampering with evidence, to apply regardless of whether the conduct interfered with a judicial proceeding or a case investigation, 1503 only pertains to obstruction of judicial proceedings. This distinction does not defeat our relating to. Exactly. Okay. It does not defeat because it doesn't have to relate to a judicial proceeding. You now have a different provision. You've got accessory after the fact, and there is a federal accessory after the fact, is there not? Correct, Your Honor. And that really doesn't apply here, however? Or does it... You're not relying on that as saying that that's an aggravated felony? The agency has commented versus the court rejecting the agency's interpretation, so we're not in that realm. Wait, I'm confused, and I'm sorry. I thought that the BIA relied on... When it was trying to determine what was really in Jodambro, because I thought the BIA relied on Section 3 as the analogous statute to say accessory after the fact under Section 3 is obstructive. And, in fact, in U.S. v. Barlow, which is a D.C. Circuit case, they say essentially accessory after the fact is, in essence, an obstruction of justice. Yes. So are you saying that we can't rely on Section 3 as our analogous obstructive behavior? No, Your Honor. I'm not in any way suggesting that. Certainly, the court should look at it as persuasive. What is difficult about this situation is because JEDMIS explicitly rejected the agency's precedent. But they rejected the agency's precedent on issues of intent. Yes, and specifically to interfere with process justice. Right. What else did it reject in terms of it didn't have Section 3 in front of it? It wasn't an accessory case. No, certainly it didn't reject the ultimate finding of whether or not Section 3, under federal law, related to obstruction of justice. Certainly, the court never rejected that finding. It's just the analysis would not apply. But certainly the court should look to the agency's decision in Batista for indicative of when you hide. It is, indeed, the nature of accessory after the fact. And what is the point of what you're trying to do? You're trying to help a known felon. The element here that the felon was completed, the accused knew the felony and that the principal had done it, and then they acted for the purpose of aiding that purpose. Then returning back to Judge Ambrose's point, are we only to look in determining whether something is related to obstruction of justice, are we limited to looking at 1501 et sec? And if we are, we're not. No, Your Honor. Where else can we look if we're not looking there? Can we look at Section 3? Can we look at Barlow from the D.C. Circuit? Certainly, yes. Your Honor, if not, as Dennis explicitly held, obstruction of justice is descriptive in nature. Respondent suggests that the dictionary definition of obstruction of justice is a good place to start, which simply talks about interfering with the due administration of justice. It's a generic term that is very easily capable of definition. So the court should start there. Now, we don't, but certainly what Dennis said is, in Fig. 12, it's explicitly rejected in 9th and 5th Circuits, limiting it to exclusively Chapter 73. But the court did say, well, we can look at Chapter 73, it's obviously a guide. And 1512c2, the 15 and the 3, which is often described as the catch-all provision, are drawn. 1512c2 describes anyone who otherwise obstructs, influences, or impedes any official proceeding. And Subsection F says there doesn't have to be an official proceeding pending. It's a pending judicial proceeding. So is there a pending judicial proceeding here? In this case. I mean, was there at the time that this person was pleading to helping someone to evade detection from arrest? That's not a requirement in the South Carolina law. But as this court said in Dennis, that is not dispositive. Indeed, what we look at, what are the calls that are actually drafted? But hang on. Is there a pending judicial proceeding at the time this act of hers was committed? There is no requirement in the South Carolina law, no. No. Okay, the answer is no. As far as we're aware, no. And let's go back to intent for a second. How do you distinguish Aguilar and Reich? Well, Your Honor, there's a Supreme Court case in 1995, and then Reich was the Second Circuit case, that says that, in effect, that you must prove intent to interfere with official proceedings, either ongoing or prospective. Well, I'm not distinguishing criminal cases because we are not in the criminal sphere. But what Dennis said is we do not need the critical element. In fact, what Your Honor's question suggests is that we're bringing back the critical element. This court explicitly rejected a critical element of Espinoza. And what was that element of Espinoza? The specific intent to interfere with the process of justice. In Espinoza, it was a judicial proceeding. This court rejected that. But do the actions here, for which the person pled guilty, do they establish that she intended to interfere with an official proceeding when she did so? Official proceeding? No. There's no requirement under Dennis that there be any official proceeding. Under 1512c2, there's no requirement that an official proceeding be pending. Arthur Anderson's more recent Supreme Court case requiring sort of a nexus. They said, well, one doesn't need pending, but one might be foreseeable. And what is foreseeable? You know someone committed murder. You know it. You act with the purpose of preventing that murderer's detection or arrest. How is a judicial proceeding supposed to begin if we can't find an offender? Petitioner attempts to factually distinguish Dennis. There's actually a similarity here. When we cannot find the body in Dennis, how are the police supposed to initiate proceedings? The only reason the police actually ended up finding out in Dennis that there had been a crime was that an accomplice went to the police and said, hey, by the way, there's a body buried there. So when petitioner acted with the intent to prevent the person's detection or apprehension, that short-circuits the end of judicial proceeding. To narrow it, only judicial proceeding, first of all, would be contrary to the claim by Richard Dennis. It also would be contrary to the relating to aspect that we only look for logical causal relationship and obstruction of justice as a generic term. You don't draw any distinction between impairing or affecting the administration of justice and affecting a police investigation. In both cases, you would be obstructing justice. Is that accurate? Is that your position? Yes, Your Honor. Based on the plain language of the Dennis decision, Dennis necessarily found that a police investigation was a sufficient proceeding. And the generic definition of obstruction of justice includes, as the example, withholding information from police. So that essentially conflates, doesn't it? Obstructing administration of justice and impeding a police investigation. You're treating them both the same. Well, obstruction, impeding a police investigation would be obstruction of justice under generic definition. How about failure to cooperate with a police investigation? Well, Your Honor, I hesitate to guess on the hypothetical of how this Court would approach it or how the Attorney General would approach it. No, but what we're trying to do is figure out what happens down the road. So why don't you give it a shot? I mean, is it what she did, basically? Fail to cooperate with a police investigation? Again, I think a barrier emphasizing that what petitioner said in the immigration court has no bearing on the categorical analysis. That's in part important because once a petitioner has gone in and said, you know what, that guy was a scumbag. I helped kill him. Who cares? This Court applies the exact same analysis. It does not matter whether someone goes to the immigration court and attempts to collaterally attack their conviction. Civil proceedings are not the place to do it. If she feels she should not have been convicted, the proper place is with the state court in an attempt to withdraw her plea. The plea that she enters with the assistance of counsel. There was a Board of Immigration Appeals case, Espinoza-Gonzalez, I'm not sure if you're familiar with it, which concluded that federal misprison or felony, which is failure to report a felony, did not relate to obstruction of justice. And that's exactly the decision that this Court rejected in Dennis. It said that Espinoza was far too narrow, and it said even if the statute were ambiguous and were to apply Chevron deference, the Court would reject Espinoza. So we're simply not in the realm of Espinoza-Gonzalez. And let me just briefly note, the agency itself has overruled Espinoza-Gonzalez and voluntarily de-autorized them. So even if we were to apply the agency precedent, we wouldn't be applying Espinoza-Gonzalez. So we ask the Court to deny the petition. Thank you very much. Thank you. Ms. Castor? I'll be honest. I reject that we have ever been instructed in the law to do things expansively. I think that all of us have... Well, related to is... Related to the comment that... Because we would say it ain't narrow. I'm sorry. Related to doesn't mean you are literally narrow. You have to be... It's something that through common sense you can say there's a logical connection. Absolutely, Your Honor. Absolutely. And if we look at all of those sections, 1501, throughout the end of the section of Chapter 73, we see that each and every item has specific intent. And I respectfully ask, Your Honors, to not see that... To please look and be aware that my adversary is coloring her conduct. We were instructed, and respectfully you're right... I don't think he's coloring. He's trying to stick to the elements in the Federal 1503 and 1512C2 as to whether they apply to the elements here. And he's saying that there are some that you don't necessarily take into consideration, and that's a good argument to make. I doubt if anyone could say that she was seeking to help a known murderer or escape detection. I don't think that those words, seeking to help, really describe accurately her conduct in this specific case. And I look to the South Carolina statute, and I think that what my adversary has recited today is the commentary or case law on it. The statute, as it stands, talks about conduct and related it to the felony that occurred. And in the situation, I really respectfully request that the dictionary not be the first place that Your Honors look, but to the statute itself and the fact that Congress, had it chosen, could have stated specifically and expressly and made the connection a causal connection and made it easier for us. But Congress chose not to act, chose not to say, and it's what they didn't do that I wish Your Honors to look at. And I hope that we can do something for this particular appellant because she desperately needs our help. Thank you. Thank you. Thank you very much to both counsel for your presented arguments, and we will take the matter under review.